IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) JAMIE GENEVA,<br><br>    Plaintiff,<br><br>v.<br><br>(1) UNITED STATES OF AMERICA EX REL. UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, as operator of W.W. Hastings Indian Medical Center,<br><br>    Defendant. | Case No. | 20-cv-023-SPS<br><br>JURY TRIAL DEMANDED<br>ATTORNEY LIEN CLAIMED |

## COMPLAINT

COMES NOW the Plaintiff, Jamie Geneva, and for her claim against the United States of America *ex rel.* United States Department of Health and Human Services, hereby alleges the following:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff is a resident of Stilwell in Adair County, Oklahoma.

2. Defendant United States of America *ex rel.* United States Department of Health and Human Services ("HHS") is a federal agency which, at all times relevant hereto, was responsible for providing health care to Native American citizens at the W.W. Hastings Indian Medical Center ("Hastings Hospital") in Tahlequah, Oklahoma, situated in Cherokee County, located within this judicial district.

3. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1346(b)(1), granting federal district courts exclusive jurisdiction of civil actions on claims against the United States for money damages for personal injury.

4. Plaintiff provided written notice of this claim pursuant to 28 U.S.C. § 2675 on June 24, 2019. As of the date of the filing of this Complaint, more than six months have passed and HHS has failed to make a final disposition of Plaintiff's claim. Such failure is deemed a final denial of the claim pursuant to 28 U.S.C. § 2875(A). Consequently, this lawsuit is timely filed and Plaintiff has complied with all notice requirements of the Federal Tort Claims Act, 28 U.S.C. § 2401.

5. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(e)(1) as the agency operations and medical treatment at issue occurred at Hastings Hospital within this judicial district.

## STATEMENT OF FACTS

6. Paragraphs 1-5 are incorporated herein by reference.

7. On or about April 16, 2018, Plaintiff underwent an outpatient laparoscopic cholecystectomy at Hastings Hospital.

8. The procedure was performed without complications and Plaintiff was moved to the Post-Anesthesia Care Unit ("PACU") just before 10:00 a.m. Nurse John Baker, RN, ("Baker"), an employee of Hastings Hospital and agent of Defendant HHS, was assigned to her care.

9. Nurse Baker took Plaintiff's vital signs, checked her pain rating, cardiac rhythms, IV site and wound site as she was waking up from the effects of the anesthesia applied prior to and during the procedure.

10. At 10:27 a.m., Baker gave Plaintiff ondansetron by IV push in her left forearm for nausea and vomiting, then discontinued her IV site at 10:30 a.m. before she was discharged.

11. On May 17, 2018, Hastings Hospital employee Jennifer Tredway, RN, contacted Plaintiff as an "infection prevention specialist" and advised that there had been a so-called "lapse in protocol" at Hastings Hospital, and that Plaintiff had been identified as someone affected by this lapse.

12. Plaintiff later learned that the "lapse" to which Nurse Tredway was referring was that Nurse Baker had been *using and re-using the same needles for IV medication on multiple patients*.

13. Nurse Tredway advised Plaintiff that she should return to Hastings Hospital blood lab for testing, including screening for HIV and Hepatitis C.

14. Nurse Tredway refused to answer any of Plaintiff's questions about this purported lapse in protocol at that time, and advised her that it was likely minimal risk synonymous to someone complaining about a room not being properly cleaned or air filters being dirty.

15. On May 18, 2018, Plaintiff had blood drawn that was sent for screening.

16. After the blood draw, Plaintiff tried contacting multiple representatives of Hastings Hospital, including Nurse Tredway, Kristy Harris (the medical director of Hastings Hospital affiliate, Wilma P. Mankiller Health Clinic), and others. No one could or would provide her with any information about the so-called "lapse in protocol."

17. On May 21, 2018, Plaintiff was informed that her *initial* bloodwork screening was negative, but that she would need to be tested *again* in three (3) months because communicable diseases could take several months to years to appear.

18. On July 8, 2018, Plaintiff had bloodwork drawn at the Mankiller Clinic. She was advised on July 13, 2018 that the screen was again negative.

19. Nurse Baker has since publicly admitted he failed to follow the standard of care in the administration of IV medicine.

20. Upon information and belief, Nurse Baker's breach of the standard of care affected 186 patients.

21. Hastings Hospital CEO Brian Hail was informed of Baker's actions as early as April 29, 2018 but apparently the information was kept secret for several weeks. Plaintiff was not advised

of *any* "lapse in protocol" until May 17, 2018, and Hastings Hospital directly never told her the details of the breach.

22. Plaintiff has suffered severe emotional distress as a result of the above, which has, at times, manifested in physical symptoms of nausea and insomnia, as a result of the above, as well as physical pain and suffering in that she has had, and likely will continue, to be tested for blood borne pathogens through blood draws. Moreover, a dirty needle was used on her without her knowledge or consent.

## THEORIES OF LIABILITY

23. Paragraphs 1-22 are incorporated herein by reference.

24. At all relevant times, the physicians and nurses identified herein and to be identified hereafter were acting as the agents, servants, and/or employees of the United States and were acting within the scope of this employment at Hastings Hospital while providing medical care to Plaintiff.

25. At all relevant times, Plaintiff had no pre-existing doctor-patient relationship with any of the physicians at Hastings Hospital and looked solely to the operators of Hastings Hospital to provide medical personnel. She had no reason to believe that medical personnel were acting on their own behalf rather than on behalf of Hastings Hospital.

26. At all relevant time, Plaintiff had a right to expect competent medical treatment from the medical personnel cloaked with ostensible authority by Hastings Hospital which reasonably led her to believe that medical treatment would be afforded by physicians acting on behalf of the operators of Hastings Hospital.

27. The United States is liable for the care provided by the personnel identified herein.

28. Hastings Hospital and its personnel failed to conform to the applicable standard of care in the treatment of Plaintiff and were negligent as follows:

    a. Failing to adopt and implement an acceptable protocol for the administration of IV medication;

    b. Failing to adequately hire, train, and supervise its personnel and staff in the administration of IV medication;

    c. Failing to adopt and implement an acceptable protocol for addressing patients' exposure or potential exposure to blood borne pathogens and/or "dirty needles;"

    d. Re-using a needle used with another patient to administer medication to Plaintiff without her consent; and

    e. Failing to comply with the appropriate standards of care in their care and treatment of Plaintiff.

29. The action of the United States and its personnel constitute a breach of the standard of care.

30. The failure of Hastings Hospital and its personnel to conform to the applicable standards of care proximately caused Plaintiff's damages, including physical and emotional pain and suffering and other damages in an amount in excess of $75,000.00.

WHEREFORE, premises considered, Plaintiff prays for judgment against Defendant for money damages in an amount in excess of $75,000.00, her costs, attorney fees, interests and such other relief that the Court finds proper.

Respectfully submitted,

SMOLEN | LAW, PLLC

/s/Donald E. Smolen, II
Donald E. Smolen, II, OBA #19944
Laura L. Hamilton, OBA #22619
611 S. Detroit Ave.
Tulsa, OK 74120
P: (918) 777-4LAW
P: (918) 890-4529
don@smolen.law
laura@smolen.law
*Attorneys for Plaintiff*